IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CR-334-BO-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DABED DEL JESUS SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |

A hearing was held in this case beginning on 4 February 2016 and continuing to 5 February 2016 on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. (*See* D.E. 52, 53). The government presented the testimony of an agent with the United States Secret Service. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Discussion

Defendant was charged in 7 counts of a 41-count indictment returned on 3 November 2015 with offenses arising from an alleged conspiracy to possess, use, and traffic in stolen credit and debit card account numbers and counterfeit access devices, and to launder the proceeds of

these offenses by purchasing large quantities of cigarettes for later resale. The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case; the circumstances of the offenses charged, including the amount of loss attributable to the scheme, the interstate nature of the scheme, the lack of an accounting for the proceeds of the scheme (meaning that such proceeds may still be available to defendant), the lengthy sentence defendant faces if convicted, and defendant's use of an alias in furtherance of the scheme; defendant's commission of charged conduct while on pretrial release and probation for a state conviction (his only conviction, which was for misdemeanor simple affray); defendant's polysubstance abuse problem; the ability of defendant to facilitate flight from prosecution by continued participation in the scheme; the danger of continued participation by defendant in the scheme if released; the unsuitability of the proposed third-party custodial arrangement due to the regular absence of the proposed custodian from the home for work, the presence of minor children in the proposed custodial home, and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 8th day of February 2016.

_____
James E. Gates
United States Magistrate Judge

3
Case 5:15-cr-00334-BO   Document 59   Filed 02/09/16   Page 3 of 3